UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| RENE GABRIEL GONZALEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:19-cv-01856-TWP-TAB |
| T. J. WATSON, | ) | |
| Respondent. | ) | |

**Order Granting Motion to Reconsider**

Petitioner Rene Gonzalez filed this petition for relief pursuant to 28 U.S.C. § 2241 challenging the calculation of his federal sentence. The Court denied Mr. Gonzalez's petition and Mr. Gonzalez has filed a motion to reconsider. For the following reasons, Mr. Gonzalez's motion to reconsider is **granted**.

**I. Standard of Review**

Based on its timing, the motion to reconsider is treated as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a

Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II. Discussion

A. *The Habeas Petition*

In support of his habeas petition, Mr. Gonzalez argued that his federal sentence has been miscalculated. Mr. Gonzalez is currently serving three federal sentences:

First, on July 25, 2013, Mr. Gonzalez pleaded guilty in the United States District for the Northern District of Mississippi to Conspiracy to Distribute Cocaine and was sentenced to 112 months' imprisonment. 3:11-cr-00169-SA-SAA-18, Dkt. 549. His sentence was later reduced to 90 months. *Id.*, dkt. 611.

On April 8, 2014, Mr. Gonzalez pleaded guilty in the United States District Court for the Southern District of Texas to Aiding and Abetting and Possession with Intent to Distribute 100 Grams of More of Heroin. 4:12-cr-00611-010 ("the first Southern District of Texas case") Dkt. 793. On April 30, 2014, Mr. Gonzalez was sentenced to 109 months' imprisonment to be served concurrently to the sentence imposed in the Northern District of Mississippi case, with the concurrent time to begin as of October 12, 2012. *Id.*, dkt. 813.

Finally, on November 21, 2014, Mr. Gonzalez pleaded guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance in the United States District Court for the Southern District of Texas. 5:14-cr-00404-S-016 ("the second Southern District of Texas case") Dkt. 647. The Court accepted the plea agreement on July 27, 2017, and sentenced him to 84 months' imprisonment to run concurrently to the sentence imposed in the Northern District of Mississippi case and the first Southern District of Texas case. *Id.*, dkt. 1511.

Mr. Gonzalez argued that the Court in the second Southern District of Texas case did not intend for his sentence in that case to extend any further that the sentences he had already received. He therefore argued that the Bureau of Prisons had improperly calculated his sentence.

In denying his petition, this Court explained that the computation of Mr. Gonzalez's sentences is governed by 18 U.S.C. § 3585. Section 3585(a) provides that a sentence commences when the "defendant is received in custody …." Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Under this statute and because the Court ordered his sentence to be served concurrently, Mr. Gonzalez can be given credit toward his 84-month sentence starting on the date it was imposed. But, the Court held, under § 3585, the 84-month sentence cannot commence before it was imposed. *See Coloma v. Holder*, 445 F.3d 1282, 1285 (11th Cir. 2006). This is because § 3585(b) permits credit toward a sentence for time already spent in custody, but expressly prohibits credit when the time has already been credited to another sentence.

B. *The Motion to Reconsider*

In support of his motion to reconsider, Mr. Gonzalez asserts that the sentencing court intended for the 84-month sentence to start sooner. Mr. Gonzalez refers to the transcript of his sentencing hearing in the second Southern District of Texas Case. Relevant portions of the transcript state:

> MR. RAMOS: Okay. If we're trying to not add any time to his sentence then, the Houston sentence or where the sentences were reduced to 90 months. I'll submit

this in a minute. But I don't know what the -- where we start counting. Do we count from when he was arrested in 2012 or do we count from when the warrant was issued in 2014?

THE COURT: Well, that, I think it's the date that the offense ended, and so that's when I would think it would be 2012. So that's the date we would put in the judgment. And that's when BOP starts counting.

Dkt. 1664, p. 22. The transcript goes on to state:

THE COURT: That's the date that we would put. And BOP starts counting from that date. So from July 6th of 2012. So whatever -- so if I do a concurrent sentence, that whatever time, that that's when they start counting it. That's my understanding. So they would start counting from that date. And that's what I'll do.

*Id.*, p. 26-27.

Because Mr. Gonzalez has shown that the sentencing court in the second Southern District of Texas case intended for his 84-month sentence in that case to start running on July 6, 2012, his motion to reconsider, dkt. [11], is **granted**.

### III. Conclusion

For the reasons explained above, Mr. Gonzalez's motion to reconsider is granted. His petition for a writ of habeas corpus is **granted**. The BOP is directed to reduce his sentence in the United States District Court for the Southern District of Texas in Case No. 5:14-cr-00404-S-016 to a total term of 84 months, commencing as of July 6, 2012. All other terms shall remain the same. An Amended Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/25/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RENE GABRIEL GONZALEZ
63347-079
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

GRA-DSC/TeamTango~@bop.gov